From William Jenkins Wilcox, Harrisburg, Pa.

---

## Commonwealth v. J. B. Lippincott Company.

*Taxation — Corporations — Tax on loans—Promissory notes—Length of time outstanding—Act of June 17, 1913.*

1. Promissory notes issued by a corporation and held by individual residents of Pennsylvania were taxable prior to the Act of July 15, 1919, P. L. 955, under section 1 of the Act of June 17, 1913, P. L. 507, and not under section 17 thereof.

2. The length of time a note is outstanding cannot determine whether it is taxable under section 1 or section 17. If it was a promissory note within the purview of section 1 when it was issued, its age would not transfer it for the purpose of taxation to section 17.

Appeal from settlement by the Commonwealth of tax on loans. C. P. Dauphin Co., Commonwealth Docket, 1920, No. 72.

*William I. Schaffer*, Attorney-General, and *Frank M. Hunter* and *George Ross Hull*, Deputy Attorneys-General, for plaintiff.

*Olmsted, Snyder & Miller*, for defendant.

HARGEST, P. J., Feb. 20, 1922.—This case comes before us on an appeal by the defendant company from a settlement made by the Auditor General and State Treasurer of a tax on loans for the year 1918. Trial by jury has been dispensed with by a stipulation filed pursuant to the Act of April 22, 1874, P. L. 109.

### Facts.

1. The defendant is a corporation of the Commonwealth of Pennsylvania.

2. During all of the year 1918 the defendant company had outstanding certain promissory notes, payable on demand, issued to meet the current bills of the company, all of which were owned by individual residents of the State of Pennsylvania, and upon which, during the year 1918, a full year's interest was paid.

The dates upon which the notes were issued and the amounts are as follows: Oct. 23, 1913, $45,000; Oct. 27, 1913, $38,000; Aug. 11, 1916, $20,000; Jan. 31, 1917, $10,000; Feb. 28, 1917, $40,000; April 27, 1917, $10,000; Sept. 1, 1917, $10,000, making a total of $173,000.

### Discussion.

For the reasons given in the opinion filed this day in the case of Com. *v.* Janesville Coal Co., No. 71, Commonwealth Docket, 1920 [1 D. & C. 562], we are of opinion that these promissory notes are taxable for the year 1918, under section 1 of the Act of June 17, 1913, P. L. 507, and not for State purposes, under the 17th section of that act.

At the trial, it was suggested on behalf of the Commonwealth that the length of time for which these obligations were outstanding might distinguish them from the promissory notes contemplated by section 1 of the act, and

1 D. & C.

Commonwealth *v.* J. B. Lippincott Company.

that section 1 contemplated short-term notes issued for current indebtedness and current expenses. This contention was not repeated in the brief. We are convinced that the length of time a note is outstanding cannot determine whether it is taxable under section 1 or section 17. If it is a promissory note within the purview of section 1 when it is issued, its age would not transfer it for the purpose of taxation to section 17.

*Conclusion.*

We conclude:

1. That the defendant's loans represented by its promissory notes are not .taxable for State purposes.

2. That the tax thereon for the year 1918 is not required to be collected by the corporation, but is collectible through the local authorities.

3. That the settlement is without authority of law.

4. That the defendant is entitled to judgment.

Wherefore, judgment is hereby directed to be entered against the Commonwealth and in favor of the defendant, unless exceptions be filed within the time limited by law.

From William Jenkins Wilcox, Harrisburg, Pa.